## No. 12,314.

### LEONCE M. SONIAT VS. THOMAS SUPPLE ET ALS.

Evidence, such as to drainage of a plantation, the location of ditches and fences, which go to show the character of a plantation as to its divisibility in kind, is receivable.

The other matters are of fact, whether the plantation could be divided in kind.

APPEAL from the Fourteenth Judicial District Court for the Parish of Iberville.    *Talbot, J.*

---

*Hébert & Hébert* for Plaintiff, Appellee.

---

*Sims & Gondran* for Defendants, Appellants.

---

Argued and submitted December 15, 1896.
Opinion handed down January 4, 1897.

---

The opinion of the court was delivered by

McENERY, J. , This is a suit for the partition of the Zacharie plantation in the parish of Iberville.

The issue presented is whether it can be divided in kind. The defendants have consolidated their interests so as to make the place, if divisible in kind, into four lots. There was judgment below ordering a partition by licitation. The defendants appealed.

The plaintiff is described as having a front on the Mississippi river of about five arpents, and in the rear of about nine arpents. Its average is four hundred and eighty-five 50-100 acres, and each lot, if the place were divided, would contain one hundred and twenty-one and one-quarter acres. It is impracticable to divide it lengthwise, but it could be divided into four equal parts from the longest

sides.   The facts to be ascertained then are, could such a division be made without deteriorating greatly the value of the place and causing loss and inconvenience to the coproprietors.

Evidence was offered as to the drainage and the fences and objected to by defendants.   This evidence was offered for the purpose of showing the actual condition of the place and the obstacles in the way of a division in kind.   The evidence was admissible. Every fact ought to be received in evidence which shows the character and condition of the place, its surroundings, in order to determine whether or not it can be divided in kind, so as to avoid loss and inconvenience.   The plantation is cultivated in sugar cane. This kind of cultivation requires the best drainage and its cost is considerable.   The evidence discloses that the main drainage is on the upper side of the place.   Those acquiring lots along this drainage would have the more valuable lots, but upon them would be imposed the burden of keeping the drainage up along the entire length of the place.   Those acquiring property in the rear, while they would have a right to reach the drainage canal by the natural flow of the water, would necessarily have to cut new drainage ditches to meet the changed conditions caused by the division.   A fence also has to be kept along the sides of the place, and this would impose a burden upon those acquiring front lots.   The acres, according to locality, are estimated from forty to sixty dollars per acre.   The land is pretty much of the same character, but there are only two hundred and fifty acres in cultivation out of three hundred and seventy-five cleared lands, and the southwest corner cultivated by proper reclamation from its swampy condition.   The remainder of the plantation is in woods, to the rear of the place.

There are buildings scattered over the place; the dwelling worth say six hundred dollars, and the cabins and other buildings from fifteen to twenty dollars.   The lots, with buildings on them, falling to those who drew them, would require a return in money, together with the value of the lot over and above the others.   Some would get wood land, others none, and those fortunate enough to draw the lots, which would be near or contiguous to the village of Dorceyville, would be in possession of a part of the place, far in excess of the value of the other lots, as the lots could be subdivided and sold to a great advantage.   If the whole place were divided into four equal parts, and then subdivided, we learn from the evidence that

Banana Co. vs. Board of Assessors.

the subdivisions would be valued according to whether they fronted on the road, or the upper side, or were back of the front lots. There is a plantation road running through the place. This would, or probably would, divide some of the lots and depreciate their value.

Altogether we are of opinion that a division in kind would cause great loss and inconvenience to the coproprietors. While the defendants are willing to take chances of all inconveniences and losses, we do not think that a like condition should be imposed upon plaintiffs.

Judgment affirmed.